The case will be taken under advisement. Come on up. I always feel like a game host show. Hello. I'm going to call the case. I really am. 15-3452 EEOC v. Union Pacific Railroad. May it please the court. I'd like to begin with a basic principle that no one should disagree with. And that's this. Unlike other federal agencies, the EEOC's authority to investigate is not unlimited. It's not plenary. It must be tied to an actual charge, a valid charge. And in all the years that the EEOC has been issuing subpoenas, going back to the 1970s, there's never been one case, we have not found one and the Commission has not cited one, in which a court has held that the EEOC may continue to investigate even after a court has ruled on the merits that the underlying charge should be dismissed. But what if further investigation is needed to decide whether to bring a charge? Sometimes there's smoke and it seems reasonable to allow the EEOC to look for fire before they are forced to file a charge. Why should the EEOC be constrained by what happens in the underlying case that brought the issue to the agency's attention? I really am having trouble here. The key to this is that the way Congress structured Title VII is with these four steps, the charge, conciliation, investigation, conciliation, and then eventually litigation. But you have all that here. I mean, your proposition that no one could disagree with, the reverse is also true. There's no case that says the EEOC can't keep going. The only case we know of where there was a full resolution was an arbitration case, and the EEOC was allowed to continue. Well, if you're honest, speaking of the Waffle House case, in that case the Supreme Court did not touch the question of how long the investigative function continues. No, that's exactly right. That's my point. There is no case. There is no case that has decided the question before us. Correct. And that's why we've said it's an issue. That's why you're here. But we do know that in the Waffle case there was a resolution at arbitration, and the United States Supreme Court didn't say, well, then time out. Since their jurisdiction depends on a charge and the charge has now been resolved, this whole thing is moot. Why are we even discussing it? Exactly. In that case, since the arbitration agreement controlled the private party litigation, the Supreme Court said we're not going to let that block the EEOC going forward on its enforcement. The court did not speak to the question of investigation. Why is it any different whether an arbitrator decides it or a court decides it? The people who brought the charge are still done. They're done. So there is no charge. I mean, your theory is the charge, there's no one bringing a charge anymore, so the EEOC has lost jurisdiction. And in that case, there was no one left bringing the charge. They resolved it in private arbitration. What difference does it make whether it's a private arbitrator who ends their claim or a court? It shouldn't. I would go back to this court's decision in United Airlines, where the court very clearly stated that even there, once the court decided that the EEOC has no justification to continue an investigation if there is a valid defense, and that's why the important distinction between Waffle House and this case is Waffle House was asking the question, may the commission go forward with an enforcement action? And it can. This case asks a far different question. May it continue with this investigative function even after the charge is dead? Well, the EEOC cited a number of cases on, I think it's, I know it's page 24, of its brief supporting its claim that the EEOC is not required to file a separate commissioner's charge when it discovers additional discrimination during an investigation. And, of course, your client tried to distinguish these cases by saying that these are cases that all deal with enforcement, not investigation. But my problem is how does the EEOC enforce without also investigating? I mean, I thought investigation always preceded enforcement. Exactly, Your Honor. And I think this is where the Waffle House case does become instructive because there's the phrase that the commission is the master of its charge, and that's just the point. The EEOC holds the keys for how long it's going to investigate. It can investigate for two months. It can investigate for a year. It can investigate for two years. That's up to the EEOC. But when it decides, and this is its function, and that's why this limited investigation is so important and why it's unlike any other federal agency, that once it makes its own decision, then the purpose of the investigation is over. The litigation is going to go forward at that point. It serves no further purpose. First of all, you agree that's not a jurisdictional issue, in other words, as a court. No. The court has jurisdiction over this matter. In the Shell Oil case, the court has some language about this being jurisdictional. But you agree it's not? No. Right. So it's a procedural matter. Just stay with me for a second. It's a procedural matter. Judge Easterbrook seems to have decided for the Seventh Circuit and Watkins that once the charge is filed, the EEOC is free to continue regardless of what happens with the private parties, right? It could continue unless, and this is in Watkins, that was a case where the commission had not issued a right to sue letter, and that's a critical distinction with Watkins. There the problem was that the party was trying to basically knock off the investigation with the settlement before a right to sue letter had been issued. I'm trying to find some qualification, and I realize, Judge Easterbrook, has a tendency to write in sweeping phrases. But I'm trying to find any qualification in the language that he uses in Watkins. He says, to sum up, a valid charge was filed, and it gave the EEOC the power to investigate, period. That's correct. And the critical distinction is that no right to sue letter had been issued, and even in Watkins there had never been an adjudication that the underlying charge. Yeah, but Judge Easterbrook makes a point of saying that's exactly what happened in Waffle House. And it didn't make any difference. But again, Waffle House is not an investigation case. It's an enforcement case, and that's an important distinction here. So what would keep the EEOC from simply saying, we're going to go forward with an enforcement case? Would it prevent it? Yes. It can always, after it's completed its investigation, it can decide that it, the EEOC, would like to go forward with enforcement rather than let the private party go forward. That's its choice. It always has that choice. Or it could intervene at any point. Your argument is essentially that under their own procedural rules, they're done once the private party has been given a right to sue letter? With this important qualification, that the statute contemplates that if there is smoke, they still have the right to intervene and do discovery in the private party action, or they can file a commissioner's charge. That's how the statute is set up. So could they still file a commissioner's charge now? Certainly. There would be an issue about the relevance, and I wouldn't concede any of that. But procedurally? Well, I doubt your client would concede any of it if they actually did it. But the question is a legal matter.  And that's how the statute is designed to work. And that's our point here is that. . . Well, if I read Judge Easterbrook's point, and he may well agree with you if it's a final resolution, but how the statute works and how the regs work is that the EEOC gets a charge and they now have authority to proceed as they choose, regardless of what happens with the private party action. But the statute and even common sense, I would suggest, Your Honor, says there's got to be an end. You can't continue forever. When the charge is dead, it's over. Yeah, but does your position allow an employee to stonewall the EEOC until a case is resolved on the merits and then claim there's no longer a basis to investigate? I mean, I am concerned in a situation like the one we have here where the merits were decided in the Northern District of Illinois and the EEOC subpoena actions were litigated in the Eastern District of Wisconsin. Does that allow the employer to manipulate the process by causing delay in the subpoena enforcement process? No, Your Honor. And here's how the statute works together to prevent that. Because, again, the EEOC holds the keys on when it's going to issue that right to Sue Litter. It can decide, and in that process, during its investigation, it can decide, okay, we're going to go down path A, B, and C, and we're going to issue a subpoena if the documents are not forthcoming, if we're not getting the information. If the employer is what we think stonewalling us, we have a right to go into a district court and begin a subpoena enforcement proceeding. If we don't comply. What if they're stonewalling the private party having issued the notice of right to sue? So they could intervene, but you're saying they can't do their own independent investigation anymore? They've issued a right to sue. The private party who brought the original charge is now litigating that issue. The employer is being obstructive, or the individual doesn't have the resources. The EEOC can obviously intervene in that lawsuit. They can intervene. Why can't they proceed with a further investigation? Because here's the critical point here. Once they issue that right to sue letter and the private party begins its litigation, the EEOC cannot then do that. But there's nothing in the rule that says the EEOC can't do that. There's no statement in the rule that says that's the end of the EEOC's authority other than to intervene in the lawsuit. The Fifth Circuit agrees. Ninth Circuit doesn't agree. And we don't even really have to decide it because we're out at another end, which is where the claim is done. Right. And we're saying before you even get to the Ninth Circuit-Fifth Circuit split, our case is even beyond that because now we've got a decision on the merits that the charge is dead. And if the charge is dead, at that point, the statute, there's no point to investigating anymore. The EEOC is given two options, either intervene or file a commissioner's charge. But what would be the purpose of investigating a charge that's now dead? It can't do anything other than do what the statute said. Here are your other two options. Those are the tools. It has two other tools. This other tool, it serves no useful purpose. And so the statute itself is telling us there is an end point here. It can't go on forever. I know you want to save your time, but I understand you to be arguing that it's unclear in Watkins whether the EEOC had issued a right-to-sue letter before the settlement. Am I wrong? In Watkins, there was no right-to-sue letter. The court doesn't mention any right-to-sue letter. And there's no enforcement action in Watkins, as there is here. I mean, Watkins is way early in the process. That's where you have the employer and the employee getting together with a settlement that's basically trying to, almost like a class action pick-off kind of case. This case is... So it isn't unclear in Watkins whether the EEOC had issued... I think it doesn't state one way or the other, but it's clear that there's no enforcement action going on. They picked it off very early in the process in Watkins, even before right-to-sue letter. When you say they picked it off, you're talking about the private employer? The employer got together with the employee and said, look, we want you to settle this, and as a term of the settlement, no more settlement. And that's where this court said, you're trying to stifle the settlement process by doing that. That's not our case. Our case is the commission on its own took as much time as it wanted to investigate, and when it pulls the trigger and issues that right-to-sue letter... Save some time. I will, unless there are other questions now. Thank you. Thank you, Your Honor. Good morning, Mr. Tucker. Good morning, Your Honor. Yes, I'm Jim Tucker with the EEOC. Obviously the commission has a very different view on not only the statute, but what's actually at play in this case, and what I'd like to do quickly before I get into the legal questions, I want to point out some specific facts that kind of put to rest this notion that the charge at issue here and the litigation regarding the charge by the private parties is the same thing as what's being investigated by the commission. Now, the charge that was filed by these charging parties was indicating that they had been discriminated against on the basis of race and in retaliation for engaging in protected activity when Union Pacific failed to let them take the test for the ASP promotion process. When they went to district court, however, they left behind their race discrimination claim. But the EEOC issued a right-to-sue on both, right? It issued a right-to-sue in regard to the charge. So it said to the private parties, you can pursue this, both these claims in court, and then the private party decided not to pursue one of them. They decided not to pursue that, exactly. They decided not to pursue exactly the charge claim that is at issue in the commission's investigation. And the EEOC chose not to intervene to press that claim. Well, to be honest with you, Your Honor, to determine for the commission to determine at this point that intervention is necessary is premature, because that's the point of the investigation. Well, it's not premature if they knew, and I don't know if they knew this or what the record is, but it's not premature if they knew that the claim that you say is now the important claim that the EEOC wants to investigate was not going to be pursued. Well, there shouldn't be any purpose to intervening in trying to push that advance forward, because, again, the commission hasn't even had a chance to determine whether there's merit to that charge. Again, there is a process. The commission doesn't simply get led around by the nose by the charging parties. In fact, that's what Waffle House stands for, and that's exactly what this Court said in Watkins Motor Lines. Watkins Motor Lines is key to this case, because Judge Easterbrook made very clear that, again, reiterating what was announced by the Supreme Court in Waffle House, that is the commission that has control over the investigation, the administrative process, and that control survives any resolution between the charging parties and the employer, any. But is it true procedurally? I almost think the plaintiff's argument is, petitioner's argument is that it just wasn't fair, that there's a logical process here, and they thought they were done with the EEOC. But it is true that the original process resulted in a right to sue letter, and unlike Watkins, which was in the early stage, there was a whole other set of procedures that continued, and the EEOC essentially stood down while that was occurring, didn't they? There's no evidence the EEOC was taking any action. In Watkins, Your Honor? Yes. I'm not clear. I don't honestly know whether or not what was going on there. Was there any action by the EEOC in its investigative capacity while the private lawsuit was continuing?  The investigation began before the notices of right to sue were issued. Right. I'm interested in after. Right. Well, we continued our investigation. We continued the subpoena. In fact, this subpoena was issued, I believe, after the private suit had been initiated, but before the district court had issued its decision. Was that the first subpoena or the second? This is just the second subpoena. Only the second subpoena. Oh, yes. That's the only one that is at issue. That's correct. But that means the second subpoena had been issued before resolution of the litigation. That's correct, Your Honor. That's correct. And, you know, again, to make a really important point here, it's important. The reason I'm leading with a factual distinction about what happened here, what the commission is actually investigating and what was litigated, is that, again, as recognized in Watkins Motor Lines and elsewhere, there is a broader public interest that the commission is interested in vindicating. And it goes beyond the interests of the parties, and the courts shouldn't be interpreting the statute and the commission's authority to undermine the commission's ability to vindicate on behalf of a broader class. And that's exactly what we're trying to do here, permitting the charging parties to determine when the commission ends its investigation goes directly against that principle. And that's why we think Watkins is on all fours here, even though it involved a different type of charging party change of mind. Are there any limits to the EEOC's power to investigate after a charge has been filed? And isn't it unduly? Let me just jump on that because I'm interested in that as well. Isn't it unduly burdensome for the EEOC to continue investigating a charge several years after the right to sue notice has been issued? So it's really essentially the same question as Judge Roedler's. Well, Your Honor, specifically, before I get to the notion of what authority there is or isn't, I just want to say that determining whether or not there's some kind of burden, that there's something that's unfair, something that's unnecessarily incumbent on the employer during the process, that's a case-by-case determination. We can have a charging party who makes what could be facially almost a frivolous claim and then something that stands for a larger proposition, and they are determined to pursue that frivolous claim. Now, to again correct something that was stated by opposing counsel, the commission does not have discretion under Title VII to withhold a notice of right to sue. There is a time frame of 180 days, and what the commission can do is if there's a request for a notice of right to sue, before 180 days the commission can certify whether or not it would complete its investigation within that 180-day period. But to answer the question posed by two of the judges and now three, your answer is no. There's no limit once the charge is filed. It's up to the EEOC to decide when to stop. That is correct. So there's no amount of time, there's no event that would trigger the end of the EEOC's power? Only the commission's determination that there's no reason to continue to investigate. Now, let me again speak to something that... Fifty years? Will I be dead? Well, here's the thing, Your Honor. Occidental life, by the Supreme Court, addressed the question of what you do with the time frames in the statute as they apply to the commission's authority. And what Occidental stood for and said it was, for example, the 180-day time frame that's in the statute, speaks to the protection Congress wanted for the charging party to be able to protect and vindicate their own rights. But the court also said, well, if the commission unduly delays or drags out its processes, there are remedies that the district court can employ as part of its inherent powers. So it's not... So the limit is the district court deciding this was undue delay, you didn't proceed with some apace to pursue this charge, and therefore you're done? That would be the limit? That's suggested by Occidental. You're not willing to concede that's a limit, but it may be there. I'm not. That hasn't been briefed in this case, Your Honor. I will state that, again, the opposing counsel, Union Pacific, did raise a latches argument in the district court, but abandoned it on appeal, I think probably wisely. I don't think there was anything to that. Again, it's really important to drive home this distinction that what we're investigating here is different from what they, what the charging party has litigated in court. And, again, this notion that allowing the charging parties to go ahead and limit the commission can have real consequences, because in this case, notice the charging parties made their, they pursued their private action, and then when they lost, they appealed to this court. Now, again, this court, the commission is investigating whether or not there was a pattern or practice of race discrimination in the ASP hiring process, and what this court noted on appeal was that the charging parties had done a woeful job of developing the record on exactly that process. What this court stated, if I may quote quickly, is that it is worth noting at the outset, and, again, this is in Berks and Jones v. Union Pacific Railroad Company, 793 F. 3rd, 694, and this is at 697 and 98. So, in other words, if in the private case, inadequate counsel, poor discovery for whatever reason, you're saying that the EEOC doesn't have to be bound by that. It can go beyond that, assuming there's some basis for moving forward with the investigation, and that's the big downside. I think that's right, Your Honor. Not only that, but because, again, that's because of the purpose behind the statute and empowering the commission to continue investigating beyond whatever conduct the charging party may engage in. Could the EEOC simply issue a commissioner's charge if it wishes to continue investigating? Well, it's an interesting proposition. Just to point out what I perceive as perhaps a little bit of a discontinuity in Union Pacific's argument. They're suggesting that there's no possible valid claim to go forward based on what happened to these charging parties, yet we can somehow just turn around and issue a commissioner's charge without there being any valid factual basis for doing so. I think that's absurd. Since 1976, I believe, is the earliest decision on record of the General Electric decision from the Fourth Circuit recognizing that there is no authority that requires the commission to issue a commissioner's charge or to go through the undue burden and the unnecessary expense and delay of that process. But the commissioner's charge does not require a charge. Commissioner's charge is a charge, Your Honor. I'm sorry. I should have said it differently. It doesn't require a private charge. It doesn't require a private charge, but it does require some factual basis. The commissioner just pulled it out of thin air. There has to be something there. Again, if the argument is... Essentially a complaint. They can articulate a claim based on their own, what they believe in good faith to be the violation. Exactly, Your Honor. Exactly. And so to suggest that we could make that assertion or the commissioner could that in the face of a principle that says that there is no more possible violation when there's been an adjudication by a private party, that seems to be in conflict with me. And then in terms of the amicus, your position would be you can stop it. You can end it because if the EEOC has dragged their feet, hasn't moved forward, you could file a motion once that becomes apparent to the court and get a ruling from the court. There's authority to that proposition, Your Honor. That's correct. That's right. I think that's the correct answer. Let's see. I'd like to make one quick point about characterization about the decision by this court in United Airlines. Opposing counsel in United, they've represented that in United and correctly that the court stated that when a district court has made basically a determination that there is or there's some evidence that suggests that you can't, the commission couldn't possibly ever establish a violation, that the district court should take a look at that, kind of make it a merits inquiry before further enforcement of a subpoena. With all due respect to the court, there was no authority offered in support of that proposition and it runs directly contrary to what the Supreme Court said in Shell Oil, which predates United Airlines, where the Supreme Court said, and this is at 466 U.S. 702 Note 26, where the court said in the context of a subpoena enforcement action, any effort by the district court to determine the merits of a charge under investigation and condition enforcement of that subpoena is reversible error. It is simply not a question whether or not the commission can enforce a subpoena, it's not about whether or not there's some validity to the merits of the charge before the commission is allowed to perform its administrative functions. So no further questions, Your Honor. Thank you very much. Thank you. Thank you. How much time? I want to address the overall theme that the commission needs to have somehow unending authority in order to protect the public interest. And in many ways that's just... Well, it's not unending. As counsel said, if it goes on too long, I mean a motion can be filed before the district court because you really don't have any statutory support for your position or case law that supports you in terms of setting a deadline. In terms of... Right. Our position is that if you read the structure and that it has the tools, it always has had the tools, and it is the master of its charge. It can take as long as it wants to investigate. But it has to issue the right to sue within 180 days. Right. But if it decides to do that... Or if it doesn't, it becomes... No, it may take as long as it wants to issue the right to sue. But you're saying by issuing the right to sue, they're relinquishing any further powers. This tool, but it then has the tool to intervene and also has the tool to file a commissioner's charge. And that's the way the statute was put together to prevent unending... Yeah, but of course if it intervenes and it's dealing with a counsel that is not skilled or the pleadings are in terrible shape, the EEOC could be bounced also by what happens in that particular case if they intervene. Well, if they intervene early, they're going to develop the case in a way that they think protects the overall public interest aside from whatever issues... Right. And what I'm saying is sometimes they're at odds in the private lawsuit, and the EEOC can be at odds in terms of strategy, approach, all of that kind of thing. Correct. Taking the depositions, I mean, there are some consequences. Right. And if they find that there really is smoke, there is always the commissioner's charge, and that's how the statute is put together. I see my time is up unless there are other questions. Thank you. Thank you. Thanks to both parties. And as always, or almost always, the case will be taken under advice. Thank you.